09-4671.121-JCD                                    December 5, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FERNANDO GARCIA JUAREZ, RODOLFO GARCIA JUAREZ, ORLANDO MAYO FIERRO, DOMINGO SOTO, and ELISEO URIBE, <br><br> Plaintiffs, <br><br> v. <br><br> SOBIE BUILDERS, INC., an Illinois corporation, CONCEPT DEVELOPERS, INC., an Illinois corporation, STANISLAW SOBIESKI, individually, and TERESA SOBIESKI, individually, <br><br> Defendants. | No. 09 C 4671 |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is denied.

## BACKGROUND

This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count II); the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. (Count III); and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. and Illinois Attorneys Fees in Wage Actions Act, 705 ILCS 225/1 (Count IV). Plaintiffs Fernando Garcia Juarez, Rodolfo Garcia Juarez, Orlando Mayo Fierro, Domingo Soto, and Eliseo Uribe allege that they performed construction work for defendants Sobie

- 2 -

Builders, Inc. ("Sobie"), Concept Developers, Inc. ("Concept"), Stanislaw Sobieski, and Teresa Sobieski. They also allege that the defendants destroyed the original work time records or negligently allowed them to be destroyed and "reverse engineered a falsified set of records," Second Am. Compl. ¶ 3, in addition to fraudulently transferring significant assets among their own businesses and to third parties over whom they exert control. In connection with those allegations, plaintiffs assert claims for intentional spoliation (Count I); negligent spoliation (Count V); and violation of the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq. (Count VI).

Defendants move to dismiss the complaint.[1]

## DISCUSSION

Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[1] Although defendants move to dismiss the entire complaint, their arguments are focused solely on the FLSA.

- 3 -

The FLSA's overtime provisions apply to employees "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).  Plaintiffs' claims are based on enterprise coverage.  For an employer to be an "enterprise engaged in commerce or in the production of goods for commerce," it must (1) have "employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) [be] an enterprise whose annual gross volume of sales made or business done is not less than $500,000."  29 U.S.C. § 203(s)(1)(A).  Defendants argue that the FLSA does not apply here because neither Sobie nor Concept's sales reached the required level nor did plaintiffs handle goods or materials that had been moved in commerce.

Defendants' arguments largely go to the merits of plaintiffs' case, which is inappropriate for a dismissal motion.  In support of their motion, defendants submit copies of various accounting documents, checks issued to plaintiffs, and certain tax returns and tax filings for Sobie and Concept.  They also submit the affidavit of defendant Stanislaw Sobieski, wherein he makes various representations concerning his businesses.  When this happens, we must either convert the motion into a summary judgment motion and proceed under Rule 56 or exclude the documents and continue under

- 4 -

Rule 12. See, e.g., Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). Defendants cite the exception to this rule for documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and [] central to his claim," id. (emphasis omitted), and make an undeveloped and unpersuasive assertion that their documents fit within this exception. As the Seventh Circuit has explained, the exception is a narrow one, "aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." Id.

In their reply brief, defendants state that they "do not object" to the court converting their motion to one for summary judgment and allowing "limited discovery related to the enterprise coverage issue" in the event that we find that their attachments are outside the pleadings. (Reply at 6.) We decline to convert defendants' motion into a summary judgment motion. Plaintiffs have not yet obtained all of the discovery that they need and had difficulty earlier in this proceeding obtaining discovery from the defendants. Moreover, discovery is not limited to the enterprise-coverage issue. We will disregard the documents submitted by defendants and continue under Rule 12.[2]

Defendants also contend that plaintiffs fail to state an FLSA claim because the complaint merely "labels" Sobie and Concept as a

_____

[2] Plaintiffs request that we strike the documents, which is unnecessary because we are simply disregarding them.

single enterprise and alleges in a conclusory fashion that the plaintiffs handled goods that moved in interstate commerce. Neither argument has merit. Under the FLSA, an enterprise is "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units." 29 U.S.C. § 203(r)(1); see also Hicks v. Avery Drei, LLC, 654 F.3d 739, 746 (7th Cir. 2011). The complaint contains detailed allegations that allow a reasonable inference that the defendants performed related activities under common control for the common business purpose of real estate development and management. Moreover, the complaint adequately alleges that the plaintiffs handled goods that have been moved in interstate commerce. Paragraph 152 alleges: "During the course of their employment by the Defendants, the Plaintiffs handled goods that moved in interstate commerce including but not limited to Portland cement, acetylene, insulation materials and chemical solvents, and asbestos." Defendants curiously deem this allegation "conclusory." (Defs.' Mem. at 6.) As plaintiffs ask, must they "identify the particular batch and lot numbers of the acetylene they used to cut steel in their demolition work?" (Pls.' Resp. at 5.) Of course not.

- 6 -

## **CONCLUSION**

The defendants' motion to dismiss the Second Amended Complaint [76] is denied.  A status hearing is set for December 19, 2012 at 11:00 a.m. to discuss setting a date for the close of discovery.


DATE:     December 5, 2012


ENTER:     _____

John F. Grady, United States District Judge